United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60504

SONJA SENTER,

Plaintiff-Appellant,

versus

CINGULAR WIRELESS, LLC, and RENEE HUGHES,

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Mississippi
(USDC No. 1:05-CV-00100)

_____

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Sonja Senter ("Senter") appeals the district court's denial of her

motion to remand and the dismissal of her suit. We review *de novo* and affirm for the

following reasons:

1.     Senter has no viable cause of action against defendant-appellee Renee

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Hughes ("Hughes"). Hughes merely recommended Senter's discharge, which is no tort.

2.  In her complaint, Senter neither alleged malicious interference with contract nor raised facts that would support such an allegation, and thus the district court properly disregarded Senter's argument on this issue.

3.  Finally, Senter does not state a *McArn* claim against defendant-appellee Cingular Wireless, LLC. In *McArn*, the Mississippi Supreme Court created a "narrow" public policy exception to the employment at will doctrine, holding that employers may not terminate their employees for (1) refusing to participate in an illegal act; or (2) "reporting illegal acts of his employer to the employer or anyone else. . . ." *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993). The *McArn* exception applies only when employees report the illegal acts of the *employer*. *See, e.g., id.; Willard v. Paracelcus Health Care Corp.*, 681 So. 2d 539, 542 (Miss. 1996). Because Senter does not allege that she was discharged for reporting the illegal acts of her employer, her claim fails.

AFFIRMED.